UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| EWING GREEN, IV, <br> # 0513785 <br><br> Plaintiff, <br><br> v. <br><br> JASON WOODALL, *et al.*, <br><br> Defendants. | No. 1:17-cv-00083 <br> CHIEF JUDGE CRENSHAW |

## MEMORANDUM

Ewing Green IV is an inmate of the Turney Center Industrial Prison in Only, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Jason Woodall, Benjamin Beane, Cherry Lindamood, Shane McClain, f/n/u Buttram, f/n/u Harris, and f/n/u Polly, alleging violations of the Plaintiff's federal civil and constitutional rights. (Doc. No. 1). As relief, the Plaintiff seeks a declaratory judgment and compensatory and punitive damages. (Id. at 13).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. §

1

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.  Section 1983 Standard

The Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983,

2

a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

According to the complaint, while in the custody of the South Central Correctional Facility, on August 16, 2016, the Plaintiff was stabbed by another inmate after Defendant Corrections Officer Harris permitted that inmate to enter the Plaintiff's housing unit. The complaint alleges that, "at a minimum, Defendant Harris was supposed to have stopped his attacker from even entering this area due to the offender not living in this area. Plaintiff contends that this was a dereliction of duties on behalf of Defendant Harris." (Doc. No. 1 at 5). The complaint also alleges that Defendant Harris allowed the attacker to flee the scene. (Id.)

The Plaintiff sought medical attention, and Defendant Polly, a case manager, called for help. The complaint alleges that it took approximately fifteen to twenty minutes before anyone arrived to assist the Plaintiff. According to the complaint, "due to the severity of the inflicted stab wounds Plaintiff was forced to drink three (3) cups of his own blood in order to sustain consciousness." (Id. at 6). While the Plaintiff was being placed on the stretcher and taken to the prison infirmary, Defendant Harris told the guards: "Go ahead and let him die." (Id.)

The Plaintiff was examined by infirmary staff and then transported by ambulance to Wayne County General Hospital. There, the Plaintiff received some treatment but, due to the severity of his injuries, was transferred to Meharry General Hospital. The Plaintiff was admitted and treated at Meharry General Hospital for four days.

The Plaintiff filed a grievance concerning the August 16, 2016, incident on August 23, 2016,

and Defendant Staggs did not file the grievance until September 7, 2016. The complaint alleges that the Plaintiff is unsatisfied with how his grievance was handled by Defendants Staggs, Buttram, Lindamood, and Beane.

The Plaintiff was transferred to the Trousdale Turner Correctional Complex (TCCC) at some point after September 2016. On November 26, 2016, the Plaintiff was placed in segregation at TCCC. The complaint alleges that the Plaintiff never received his personal property while in segregation; specifically, for a two week period, the Plaintiff had no access to a bed roll, towels, wash cloths, or any hygiene products. According to the complaint, unspecified TCCC officials did not follow facility and TDOC policies in handling the transfer of the Plaintiff's personal property and resolving his complaints regarding the loss of his personal property.

Among the personal property items of which the Plaintiff was deprived during his two week period of segregation was his legal work regarding the active post-conviction case of Ewing Green, IV v. State of Tennessee, Case Number 2011B1815/ Case Number M2014-01239-CCA-R3-PC. According to the complaint, the Plaintiff missed mandatory deadlines in that case due to the deprivation of his personal property.

## IV. Analysis

### A. Failure to protect claims

First, the complaint alleges that Defendant Harris and unnamed "SCCF[] officials" failed to protect the Plaintiff from an assault by another inmate. (Doc. No. 1 at 6). Under the Eighth Amendment, prison officers must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–527, 104 S. Ct. 3194, 82 L.Ed.2d 393 (1984)). Although prison officials have a duty to protect prisoners

4

from assault by other prisoners, the Supreme Court has recognized that jail and prison officials cannot be expected to prevent every assault before it occurs or to stop every assault in progress before injuries are inflicted. Thus, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. That is, the inmate must show both that the risk of harm is sufficiently "serious," an objective inquiry, and that prison officials acted with "deliberate indifference" to inmate health or safety, a subjective inquiry. Id. at 837-38; Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L.Ed.2d 22 (1993).

Although the complaint alleges that unnamed SCCF officials failed to protect the Plaintiff from harm by other inmates, the complaint does not allege the personal involvement of any named Defendant other than Defendant Harris in the events leading up to the assault. Therefore, the Plaintiff has not established a basis for imposing individual liability on any additional Defendant with regard to the Plaintiff's failure to protect claims. See Rizzo v. Goode, 423 U.S. 362, 371 (1976); Heyerman v. County of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012).

With regard to Defendant Harris, the complaint does not allege that the inmate who assaulted the Plaintiff posed an objectively serious risk of harm to him or that Defendant Harris was subjectively aware of and deliberately disregarded any such risk. In particular, the complaint does not allege that the Plaintiff was afraid of the other inmate, that this inmate had threatened the Plaintiff with physical harm, that Harris had reason to believe this inmate posed a serious risk of harm to the Plaintiff, or that the Plaintiff had given notice to Harris or anyone else that this inmate was threatening him. Instead, the complaint alleges that Defendant Harris's actions and inactions breached a duty of care to the Plaintiff by allowing the attacker into the Plaintiff's housing unit on

5

the day of the incident. (Doc. No. 1 at 5). However, negligence cannot sustain a § 1983 claim. Farmer, 511 U.S. at 837. The complaint thus fails to satisfy the § 1983 standard for deliberate indifference to the Plaintiff's safety. Therefore, the Plaintiff's failure to protect claims as to all Defendants, including Defendant Harris, must be dismissed.

### B. Claims concerning grievances

Second, some of the Plaintiff's § 1983 claims are premised on a Defendant's alleged lack of response to the Plaintiff's grievances and/or complaints. Although the Plaintiff may feel that his grievances were not taken seriously or handled properly by Defendants Staggs, Buttram, Lindamood, and Beane, a plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective grievance procedure in the first place. See Hewitt v. Helms, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Because a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the Plaintiff's claims based on any Defendant's failure to respond to Plaintiff's grievances in a timely manner or at all, or any claims based on the ultimate resolution of the Plaintiff's grievances, do not state claims upon which relief can be granted. These claims will be dismissed.

### C. Cruel and unusual punishment claims

The complaint also alleges that the "negligent and overt acts of TCCC's officials when placing Plaintiff in segregation without the basic and required amenities . . . violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment." (Doc. No. 1 at 11).

The Constitution does not protect a prisoner from unpleasant prison experiences. Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Nor does the Constitution mandate comfortable conditions of confinement. Rhodes v. Chapman, 452 U.S. 337, 101 S. Ct. 2400, 69 L.Ed.2d 59 (1981). However, the Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. Grubbs v. Bradley, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir. 1984).

The complaint alleges that the conditions of the Plaintiff's two-week segregation at TCCC constituted cruel and unusual punishment in violation of the Eighth Amendment because the Plaintiff was not provided with a bed roll, towels, wash cloth, or any hygiene products during that time period. However, the Plaintiff has not claimed any injury or harm as a result of the alleged conditions of his confinement. Without an allegation of injury or harm, a plaintiff does not state a viable Eighth Amendment claim. See Moore v. Merchant, No. 5:13CV-P81-R, 2013 WL 6590395, at *4 (W.D. Ky. Dec. 16, 2013)(finding that, "[i]n any event, Merchant does not allege that he was subjected to any physical injury as a result of the actual conditions in the segregated housing unit, and 42 U.S.C. § 1997e(e) precludes any claim by a prisoner 'for mental or emotional injury suffered while in custody without a prior showing of physical injury.'"). Furthermore, "not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Ivey v. Wilson, 832 F. 2d 950, 954 (6th Cir. 1987). "'Placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society.'" Harden–Bey v. Rutter, 524 F.3d 789, 795 (6th Cir. 2008)

(quoting Murray v. Unknown Evert, 84 F. App'x 553, 556 (6th Cir. 2003)). Consequently, the Court finds that the complaint fails to states colorable Eighth Amendment claims based on the allegations pertaining to the conditions of the Plaintiff's confinement in segregation at TCCC. These claims will be dismissed. 28 U.S.C. § 1915A.

### D. Medical care claims

The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle, 429 U.S. 97 at 104; Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994). A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. Rouster v. Cnty. of Saginaw, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." Id. (quoting Farmer, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Id.

Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. Estelle, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. Id. at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial. See Thaddeus-X v. Blatter, 175

F.3d 378, 401 (6th Cir. 1999).

To the extent that the complaint alleges a claim based on any staff delay in responding to the Plaintiff's injuries after the 2016 assault, the complaint does not allege any deliberate indifference on the part of any involved party. The complaint alleges that, immediately after being notified of the Plaintiff's attack, Defendant Polly called a security member to assist the Plaintiff with medical treatment. (Doc. No. 1 at 5). Although the complaint alleges that Defendant Harris told the officers "manning the stretcher" to "Go ahead and let him [the Plaintiff] die," (Doc. No. 1 at 6), the officers did not follow Harris's instructions and took the Plaintiff immediately to the prison infirmary where the Plaintiff received prompt medical treatment.

Neither does the complaint allege that the Plaintiff suffered any additional injury as a result of the fifteen to twenty minute period of time in which it took for staff to respond to Defendant Polly's request for medical assistance. While the complaint alleges that the Plaintiff "was forced to drink three (3) cups of his own blood in order to sustain consciousness," (Id. at 6), the complaint does not allege that anyone forced the Plaintiff to drink his own blood. The Court finds that, under the facts alleged, the complaint fails to state an Eighth Amendment claim based on a delay in providing medical care to the Plaintiff. Any such claims must be dismissed.

### E. Failure to follow policy claims

Next, the complaint also alleges that the actions of unspecified "TCCC officials" violated Tennessee Department of Correction or prison policies. It is a basic pleading essential that a plaintiff must attribute factual allegations to particular defendants. See Twombly, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Plaintiff has failed to attribute any conduct to any named Defendant.

Even if the Plaintiff had named Defendants to this claim, alleged violations of such policies are not actionable under § 1983. See Upshaw v. Jones, No. 14-2534-JDT-tmp, 2015 WL 348626, at *4 (W.D. Tenn. Jan. 26, 2015); Levine v. Torvik, 986 F.2d 1505, 1515 (6th Cir. 1993), overruled in part on other grounds by Thompson v. Keohane, 516 U.S. 99, 111 (1995). For these reasons, the Court finds that the complaint fails to state a due process claim arising from any Defendants' failure to follow TDOC or specific prison policies.

### F. Claims concerning the Plaintiff's personal property

The complaint also alleges an unlawful deprivation of property under § 1983. The Due Process Clause of the Fourteenth Amendment protects against the unlawful taking of a person's property by public officers. However, the Supreme Court has held that, where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled on other grounds, Daniel v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Because the Plaintiff's claims are premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. See Copeland v. Machulis, 57 F.3d 476, 479-80 (6th Cir. 1995). Under settled Sixth Circuit law, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. See Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985).

Here, the Plaintiff has not sustained his burden. State post-deprivation remedies are available to him. The Sixth Circuit Court of Appeals has held that Tennessee's statutory remedy against local governments for loss of property affords an adequate remedy to return items either

negligently or intentionally converted. Id. at 199. The Plaintiff has not alleged that he attempted post-deprivation remedies and that they were inadequate. The complaint only alleges that the Plaintiff brought the missing items to the attention of several officers and filed written grievances regarding the matter to facility officials. (Doc. No. 1 at 11-12). Thus, because there appear to be adequate state post-deprivation remedies available to the Plaintiff, his Due Process claims will be dismissed.

### G.     Supervisory liability claims

The Plaintiff's claims against some Defendants are based on the theory of *respondeat superior*. The law is settled that actions brought against state actors cannot be maintained under § 1983 on a theory of *respondeat superior,* see e.g., Monell v. Dept. of Social Serv's of The City of New York, et al., 436 U.S. 658, 659, 691–95 (1978); Siggers v. Campbell, 652 F.3d 681, 695 (6th Cir. 2011) (citing Taylor v. Michigan Dep't of Corrections, 69 F.3d 76, 80–81 (6th Cir.1995)), unless the state actor was directly involved in the alleged violations of the plaintiff's constitutional rights, see Colvin v. Caruso, 605 F.3d 282, 292 (6th Cir.2010) (internal citations and quotation marks omitted). For vicarious liability to attach here, Defendants must have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending [party]." Colvin, 605 F.3d at 292 (citing Cardinal v. Metrish, 564 F.3d 794, 802–03 (6th Cir. 2009)).

The complaint does not allege that Defendants Beane, Lindamood, McClain, or Buttram were directly responsible for any of the alleged violations of the Plaintiff's rights. Neither does the complaint allege that these Defendants "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending" party. Id. Consequently, the complaint fails to state a claim § 1983 upon which relief can be granted as these Defendants based on supervisory

liability.

> **H.      Access to courts claims**

Finally, the complaint alleges that the Plaintiff missed an important deadline in his post-conviction case when he was placed in segregation at TCCC and kept from his personal property, including legal papers, for a two week period. The law is well settled that a prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-823 (1977). The right of access to the courts requires prison officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." Id. at 822. However, it is not enough for plaintiff simply to claim that he was denied access to the courts. To state a claim on which relief may be granted, plaintiff must show that a defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985).

In this case, the Plaintiff alleges that "TCCC property room officials" confiscated and withheld the Plaintiff's legal documents and that their actions prejudiced the Plaintiff's post-conviction case by causing him to miss an important deadline. Consequently, the Court finds that the Plaintiff's allegations state a colorable claim for denial of access to the courts under the First Amendment to the United States Constitution against these John or Jane Doe Defendants.

Although designation of "John Doe" or "Jane Doe" defendants is not favored, it is permissible when the defendants' identities are not known at the time the complaint is filed, but may be determined through discovery. See Berndt v. Tennessee, 796 F.2d 879, 882-84 (6th Cir. 1986). The Court concludes that it would be inappropriate to dismiss the complaint against the "John Doe" or "Jane Doe" Defendants (the unidentified TCCC property room officials) at this juncture because

of the likelihood that the identities of these Defendants will be determined during discovery.

**V.     Conclusion**

For the reasons discussed above, the Court finds that the complaint fails to state claims upon which relief can be granted as to all claims and Defendants except for the Plaintiff's First Amendment denial of access to courts claim under § 1983 against the John and/or Jane Doe Defendants. These claims survive the required PLRA screening and shall proceed for further development.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE