IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| EWING GREEN, IV | ) | |
| | ) | |
| v. | ) | NO. 1:17-0083 |
| | ) | |
| JASON WOODALL, et al. | ) | |

TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered October 26, 2017 (Docket Entry No. 4), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Ewing Green ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC"). On August 31, 2017, he filed this lawsuit *pro se* and *in forma pauperis* while confined at the Turney Center Industrial Prison ("Turney Center") in Only, Tennessee. Plaintiff seeks relief under 42 U.S.C. § 1983 based on allegations that his constitutional rights were violated by prison officials at various times during 2016 at the South Central Correctional Facility ("SCCF") and the Trousdale Turner Correctional Complex ("TTCC"), TDOC facilities where he was previously confined.

Upon the initial screening of the complaint, the Court found that Plaintiff had alleged colorable First Amendment claims against unnamed TTCC "property room officials" but dismissed all other claims and defendants. *See* Docket Entry No. 4 at 3. Plaintiff was advised that process could not be served upon any John or Jane Doe Defendants until the actual individuals were properly

identified and that it was his obligation to: (1) exercise due diligence to take discovery and conduct a reasonable investigation to determine the names of the as-yet fully identified Defendants; (2) file a timely motion to amend his complaint to correctly identify these defendants; and, (3) effect timely service of process upon each defendant. *Id*. at 3-4. Because the Court directed that Plaintiff be permitted an early period for limited discovery to ascertain the identity of the John or Jane Doe Defendants, the undersigned directed Plaintiff to inform the Court by February 9, 2018, of a list of any specific requests for documents, information, or questions that are necessary for him to identify the defendants for the claim that was allowed to go forward. *See* Order entered January 16, 2018 (Docket Entry No. 5). Plaintiff was advised that the Court would direct that an appropriate subpoena *duces tecum* be issued upon receipt of the list.

Despite being specifically advised that his failure to comply with the January 16, 2018, Order would result in a recommendation that this action be dismissed for failure to prosecute and/or failure to serve Defendants, Plaintiff did not respond to the Order. However, the Court received a letter from him on January 17, 2018, in which he requested service packets. *See* Docket Entry No. 6. The docket reflects that service packets were sent to Plaintiff by the Clerk's Office. Because no action had occurred in the action, by Order entered April 9, 2018, Plaintiff was given a deadline of May 7, 2018, to either return completed service packets or take steps necessary to identify Defendants. *See* Docket Entry No. 7. Plaintiff was specifically advised that his failure to comply with this directive would result in a recommendation for the dismissal of this action. *Id*. To date, Plaintiff has not responded in any manner to the April 9, 2018, Order.

Rule 4(m) of the Federal Rules of Civil Procedure requires that Defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the

2

Case 1:17-cv-00083    Document 8    Filed 05/11/18    Page 2 of 4 PageID #: 45

action without prejudice. It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Plaintiff's failure to take steps to identify Defendants, failure to respond to the Court's directives, and failure to return completed service packets evidences his disregard of the Court's Orders and has prevented process from being issued in this lawsuit. Plaintiff has twice been advised of the consequences of failing to comply with the Court's directives. Because Defendants have not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

### RECOMMENDATION

For the reasons set out above, the undersigned Magistrate Judge respectfully RECOMMENDS this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.[1]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*,

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days of service of the objections.

Respectfully submitted,

*[signature]*
BARBARA D. HOLMES
United States Magistrate Judge

4

Case 1:17-cv-00083    Document 8    Filed 05/11/18    Page 4 of 4 PageID #: 47